WILLIAM HUSE *versus* INHABITANTS OF THE COUNTY OF CUMBERLAND.

The fees for committing persons to the house of correction in Portland, should be allowed by the county commissioners, and paid out of the county treasury.

But, before an action can be maintained to collect them, they must be audited by the county commissioners, and found to be due.

THIS was an action to recover the plaintiff's fees for committing sundry persons to the house of correction in Portland. The plaintiff was a constable of the city of Portland, and the mittimusses which he executed, issued from the Municipal Court of said city.   The county commissioners, being of opinion that

the fees of the officers who served said warrants, should be paid by the city, and not by the county, were unwilling to order the payment of the fees, and this suit was commenced to settle the question. By agreement, a nonsuit or default was to be entered, as the rights of the parties should require.

*G. F. Shepley,* for plaintiff.

The plaintiff performed the services on warrants in criminal proceedings in the name of the State, which he was bound to execute, and he is entitled to his fees to be paid by the county. R. S. chap. 152, § 12; chap. 168, § 2; chap. 178, § 9 & 29.

*Swasey,* for the county.

The proper remedy is probably *certiorari,* but any objection to the form of process is waived.

In order for the county commissioners legally to audit and allow the fees, and order them paid out of the county treasury, *there should be some statute provision authorizing them so to do.* The attention of the Court is called to the provisions of R. S. chap. 178. It is not contemplated or provided by this statute, that the costs or expenses attending the commitments (excepting in certain specified cases) shall be paid by the State or the county, but otherwise. By section 11, they are to be paid by the persons committed, or by the *towns* where they belong, to the master of the house, and by the 22d and 20th sections, the master may have *his action* against the persons committed, or against the city or town where they belong, or against their parents, masters or guardians or against their kindred.

The master of the house is thus insured the reception of all costs and expenses. The fees of the plaintiff are therefore in the hands of the master of the house of correction, and it is the duty of the plaintiff to obtain his fees from the master.

The State is not to be made chargeable with such fees, and if not, then the county commissioners cannot order them to be paid out of the county treasury, to be reimbursed by the State.

The commissioners may, by virtue of the 4th section of the statute, make such regulations as may render it highly proper

for the master to account to the officers for their fees, which he receives, or with the overseers of the city who would then be accountable to the officers.   There is no provision by which the master is to account to the treasurer of the county.   And it is on the whole contended that the State or county should not be made liable as contended for by the plaintiff.

The opinion of the Court was delivered orally by

Shepley, C. J. — The question here raised is, how is the officer to obtain his fees for committing persons to the house of correction.   Chap. 152, § 12, of R. S. provides in what cases the county commissioners are required to audit and order them to be paid out of the county treasury.   One case specified is, when the party shall be acquitted, or being convicted, shall not be sentenced to pay costs; another, when the party is sentenced to pay the costs, but does not pay them to the justice ; in these cases the commissioners are expressly authorized to allow the fees to be paid out of the county treasury.

But it is said chap. 178, § 11, contemplates these costs to be paid by the persons committed, or by the towns where they have their residence, and not by the county.   This section does not in any way militate with the one before cited.   That the costs are not paid to the justice, gives the commissioners jurisdiction, and makes it their duty to audit and allow them.   But in this case the action cannot be maintained, as the commissioners have not found that the fees charged were due.

*Plaintiff nonsuit.*